IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOB BOLUS, | : Civ. No. 3:22-CV-1244 |
| Plaintiff, | : |
| v. | : (Chief Magistrate Judge Bloom) |
| LOWE'S HOME CENTERS, LLC, | : |
| Defendant. | : |

MEMORANDUM OPINION

I. Introduction

This case is presently before us for consideration of a motion for summary judgment filed by the defendant, Lowe's Home Centers, LLC. ("Lowe's") (Doc. 29). The action was initiated by the plaintiff, Bob Bolus, alleging negligence and breach of contract by Lowe's. (Doc. 1). Bolus alleges that Lowe's agents damaged his property by driving tractor trailers negligently in a manner that tore up his artificial turf and damaged an underground drainage system. (Doc. 1 ¶¶ 22-36). He claims $673,880 in damages. (*Id.* ¶ 52). Bolus further alleges that, by failing to pay for that damage, Lowe's has breached their contract. (*Id.* ¶¶ 37-57). Lowe's has moved for summary judgment arguing that the undisputed facts cannot establish Lowe's liability for the acts complained of, nor any

breach of their contract, entitling Lowe's to judgment as a matter of law. (Doc. 29-1). After consideration, we will grant the motion.

## II. Background

The dispute here arises from an April 24, 2021 contract between Bolus and Lowe's. (Doc. 1 ¶ 7). The contract allowed Lowe's to park and remove trailers on Bolus's property at Lot 7, Senator Bob Mellow Drive, in Jessup, Pennsylvania. (*Id.*, ¶¶ 3, 14). Bolus alleges that three different tractors were driven by agents of Lowe's in a negligent manner, causing damage to the artificial turf on Bolus' property and an underground drainage system. (*Id.* ¶¶ 16-18). Bolus alleges various negligent acts that resulted in this damage, including, *inter alia*, trucks being driven with the vehicle's "landing gear" down and becoming stuck in Bolus' turf with locked wheels. (*Id.*). While the dates of the damage and the identities of the drivers are apparently unknown, Bolus alleges that the trucks were driven by "FEDEX," "NFI," and "RPM," and that the defendant was "responsible for" the vehicles that caused the damage. (*Id.* ¶¶ 16-19).

Bolus corresponded with a Mike Reid of Lowe's regarding possible resolutions. (Doc. 1 ¶¶ 54-56). Bolus further alleges that Lowe's

"accepted responsibility" for the matter, and that on August 4, 2022, Mr. Reid stated in email he was amenable to doing the "right thing" but that he would first need to investigate the matter. (*Id.* ¶¶ 53-57). Discussions never progressed past that point, Lowe's did not tender any payment to Bolus, and on August 10, 2022, Bolus instituted the instant action. (*See* Doc. 1).

Discovery in the instant matter has been lengthy and has included several extensions of the discovery deadlines, resulting in fact discovery concluding on February 12, 2024. (Doc. 28). On April 12, 2024, two months after the close of fact discovery, Lowe's filed the instant motion for summary judgment. (Doc. 29). Bolus was ordered to respond on May 13, and then again on September 16, and filed his brief in opposition to the motion on September 18. (Docs. 30, 32, 34).

Lowe's argues that it is entitled to judgment as a matter of law because Bolus has not established that it is liable for the alleged damage, nor that Lowe's breached its contract with him. (Doc. 29-1). In response, Bolus argues that much of the critical information needed to prove the allegations here is in the possession of Lowe's, who has not been forthcoming, specifically with the contact information of the security

3

guards who saw the damage occur. (Doc. 35 ¶¶ 3, 13, 20, 22, 23, 28, 41, 43, 52, 57). Bolus states or implies throughout his brief in opposition to this motion that additional discovery is necessary to divine the identity of those guards and obtain their firsthand testimony. (*Id.* ¶¶ 13, 20, 23, 28, 43, 52). Similarly, he states that a third party has security footage that will support his allegations, and that Bolus has "requested" this footage. (*Id.* ¶ 28).

The motion is fully briefed and ready for disposition. (Docs. 29-1, 35, 36). After consideration, we conclude that there are no genuine disputes of material fact with respect to Bolus' claims against Lowe's. Accordingly, we will grant the defendant's motion for summary judgment.

III. Discussion

A. Motion for Summary Judgment – Standard of Review

The defendant has filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Rule 56(a) provides that a court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The

materiality of the facts will depend on the substantive law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under governing law" will preclude summary judgment. *Id.* A dispute is only genuine if a reasonable juror could find in favor of the nonmoving party. *Id.*

The moving party bears the initial burden to "demonstrate the absence of a genuine issue of material fact," relying on pleadings, depositions, affidavits, and other evidence in the record. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant "successfully points to evidence of all of the facts needed to decide the case on the law," the nonmovant can still defeat summary judgment by pointing to evidence in the record which creates a genuine dispute of material fact and from which a jury could find in its favor. *El v. Southeastern Pennsylvania Transp. Auth. (SEPTA)*, 479 F.3d 232, 238 (3d Cir. 2007). However, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). A court may not make credibility determinations or weigh the evidence, but "must view the facts in the light most favorable

to the non-moving party." *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

## B. The Defendant's Motion for Summary Judgment will be Granted.

Lowe's argues that the undisputed material facts fail to show that it is liable for the actions alleged, and therefore it is entitled to judgment as a matter of law. (Doc. 29-1). Bolus has alleged Lowe's is liable on a theory of agency, arguing that Lowe's was responsible for the vehicles which caused the damage to his property, and so Lowe's bears liability for their actions. (Doc. 1 ¶ 35). Lowe's claims that the only evidence suggesting they are liable for the events alleged by Bolus is hearsay evidence which this court may not consider at this time. (Doc. 29-1 at 9).

Agency exists when a principal and an agent enter into an agency relationship, which under Pennsylvania law is created by three elements: "(1) manifestation by the principal that the agent shall act for him; (2) the acceptance of the undertaking by the agent; and (3) the control of the endeavor in the hands of the principal." *Tribune-Review Pub. Co. v. Westmoreland Housing Authority*, 833 A.2d 112, 119 (Pa. 2003) (citing *Basile v. H & R Block, Inc.*, 761 A.2d 1115 (Pa. 2000)). "There are four grounds upon which a [factfinder] can conclude that an agency

6

relationship exists and that the principal is bound by a particular act of the agent and liable to third parties on the basis thereof." *Bolus v. United Penn Bank*, 525 A.2d 1215, 1221 (Pa. 1987). An agency relationship can be based on (1) express authority, (2) implied authority, (3) apparent authority, or (4) authority that the principal is estopped from denying. *Id.*

Express authority and implied authority both "fall within the definition of actual authority." Restatement (Third) of Agency § 2.01 (Am. Law Inst. 2008). Actual authority "is created by a principal's manifestation to an agent that, as reasonably understood by the agent, expresses the principal's assent that the agent take action on the principal's behalf." *Id.* Apparent authority "is created by a person's manifestation that another has authority to act with legal consequences for the person who makes the manifestation, when a third party reasonably believes the actor to be authorized and the belief is traceable to the manifestation." *Id.* § 3.03. Authority that a party is estopped from denying relates to a party changing position in reliance on the representations of an agent on behalf of the principal and is not at issue here. *Id.* § 2.05.

To survive summary judgment, Bolus must show that Lowe's is liable for the actions of the drivers who caused damage to his property. Since Bolus has not alleged that Lowe's took any action, Lowe's can only be liable if Bolus can show that the person or entity that took action was an agent of Lowe's. To make such a showing, Bolus must set forth evidence establishing an agency relationship between that actor and Lowe's. As we will discuss, Bolus has not done so.

Bolus argues that the damage was caused by individuals driving tractor trailers and alleges that these drivers were "under the control and direction" of the defendant. (Doc. 1 ¶ 13). Throughout the complaint, Bolus uses language tending to suggest an agency relationship between Lowe's and these drivers. (*See id.* ¶¶ 16, 19, 26). However, these bare and conclusory allegations of an agency relationship cannot survive summary judgment. As the Third Circuit has recognized, "summary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2005). Accordingly, Bolus must set forth evidence showing

that an agency relationship exists, such as actions, documents, or testimony establishing such a relationship.

Here, Bolus appears to rely on his assertions that "security guards under Lowes's control" witnessed the damage. (Doc. 35, ¶¶ 3, 52, 55, 57, 60). He further claims that he "spoke to representatives of NFI, who stated they were working under the control of Lowes. [sic]" (*Id.* ¶ 54). However, Bolus does not identify these security guards, nor has he deposed representatives of these trucking companies or anybody from Lowe's to show that these drivers were working as agents of Lowe's. He appears to rely on these statements, which Lowe's has argued, even if these statements would establish an agency relationship, are hearsay that we may not consider at this time. We agree.

First, and fundamentally, Bolus has not come forth with evidence of an agency relationship. Bolus cannot rely on the allegations in his complaint that security guards witnessed the damage, and that some unidentified representative of one of the trucking companies told him they were agents of Lowe's. Bolus has taken no steps to identify these unnamed individuals through discovery, which as we have noted, was prolonged and extended many times in this matter. Rather, ten months

9

after the close of fact discovery, he has essentially requested to reopen discovery to request this information from Lowe's and to depose Mr. Reid. The close of fact discovery has long passed, and to the extent Bolus is making this request, such a request is denied. Further, to the extent Bolus is content to rely on these statements, we conclude that these statements are inadmissible hearsay and cannot be considered to oppose the instant motion.

Hearsay is an out-of-court statement offered for the truth of the matter asserted. Fed. R. Evid. 801(c). Hearsay evidence is inadmissible in federal court unless it falls into a recognized hearsay exception. Fed. R. Evid. 802. Inadmissible hearsay evidence cannot be considered by a court when deciding a motion for summary judgment. *Smith v. City of Allentown*, 589 F.3d 684, 693 (3d Cir. 2009). But "if the statement is capable of being admissible at trial, despite it currently being in an inadmissible form, the statement may be considered for purposes of deciding a motion for summary judgment." *Bender v. Norfolk Southern Corp.*, 944 F. Supp. 2d 593, 600 (M.D. Pa. 2014). This may be accomplished by showing that "there is more than a 'mere possibility that the evidence will be admissible at trial.'" *Id.* (quoting *Bouriez v. Carnegie*

*Mellon Univ.*, Civ. No. 02-CV-2104, 2005 WL 2106582 (W.D. Pa. Aug. 26, 2005). To make that showing, a party must either show that the hearsay likely falls into an enumerated hearsay exception or show some likelihood that the hearsay declarant will themselves testify at trial. *Howley v. Experian Info. Solutions, Inc.,* 813 F. Supp. 2d 629, 637 (D.N.J. 2011).

Lowe's specifically identifies the alleged statements by unnamed security guards in Bolus' complaint as hearsay. (Doc. 29-1 at 9). These are plainly hearsay statements, as they have been made out of court, and they are offered here by Bolus to establish that the acts described were performed by agents of Lowe's. Even affording Bolus the deference due to a *pro se* litigant, we cannot say that he has shown these statements fall into an established exception, nor a likelihood that any of the hearsay declarants will testify in this trial.

At the outset, Bolus has failed to identify both the dates the alleged acts occurred, as well as the dates, location, or manner in which the unidentified security guards informed him of the damage. Bolus asserts throughout his brief that Lowe's has the contact information for these guards but offers no explanation as to why that information was not requested during the lengthy discovery period. Further, if Bolus did

11

request this information and was frustrated by noncompliance on the part of Lowe's, Bolus failed to raise this issue during the discovery period, including during our October 2023 discovery conference call with the parties.

Even if Lowe's furnished Bolus with the contact information in question now, Bolus would have to canvas that roster to discern which guard may have seen which truck, reconstructing that puzzle over three years after it allegedly happened. If such a strategy was to be employed, it needed to be done during the lengthy discovery period that has already closed. If Bolus wanted to prove the existence of an agency relationship via the third parties, as he states he discussed this issue with at least one of them, they needed to be deposed during the discovery period. In sum, while we recognize Bolus' status as a *pro se* litigant, we will not reopen discovery more than nine months after it has closed, and we consider the motion without regard to the hearsay evidence presented by Bolus.

With those statements put to the side, the undisputed facts establish that Lowe's was a renter from Bolus, that Bolus' property was damaged by someone other than Lowe's, and the estimated cost of repairing that damage. Simply put, Lowe's cannot be held liable for the

actions of third parties where it has not been established that those third parties were acting as Lowe's agents. The negligence claim therefore fails as a matter of law. We reach the same result regarding the breach of contract claim. Because Bolus has not shown that the damage was caused by Lowe's or its agents, Lowe's owes no duty to Bolus to pay for the repairs.

In sum, there is no genuine issue of material fact as to these claims. Bolus has failed to provide evidence showing that Lowe's is liable for the damage done to his property, either by way of negligence or by breach of the contract. Since the undisputed facts fail to allege the essential elements of either claim, Lowe's is entitled to summary judgment on Bolus' claims.

## IV. Conclusion

For the foregoing reasons, the defendants' motion for summary judgment (Doc. 29) will be GRANTED.

An appropriate order follows.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

Dated: December 9, 2024